## NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 11, 2018
Decided January 4, 2018

*Before*

DIANE P. WOOD, *Chief Judge*

KENNETH R. RIPPLE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-2126

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 17-20053-001 |
| NEHEMIAH LAFOE, *Defendant-Appellant.* | Colin S. Bruce, *Judge.* |

## O R D E R

Nehemiah Lafoe pleaded guilty to sex crimes involving a minor, his niece. The district court sentenced him to 66 years in prison, below the 90 years that the Sentencing Guidelines recommended. When explaining the sentence, however, the court revealed that its selection of a sentence for Lafoe was influenced by the sentences it had given to two defendants for similar crimes. Lafoe argues that his sentence is (1) procedurally unreasonable because the court relied on inaccurate information about the two comparators and (2) unreasonably long. We conclude that the reasons the judge gave for the sentence cannot withstand scrutiny. For that procedural reason, we therefore vacate the sentence and remand for resentencing. There is thus no need for us to address the question whether the sentence was unreasonably long.

# I

Some time in 2016, when Lafoe was 22 years old, he initiated a sexual relationship with his 14-year-old niece, MV1. The liaison lasted until spring 2017. Lafoe traveled from Indiana to Illinois to have sex with MV1 at her residence. He also directed her to send him nude photos of herself, and she complied. Lafoe's sister warned him that these actions were illegal. The relationship broke up after other family members discovered it and reported it to the county authorities. After the county chose not to prosecute, the U.S. Attorney's Office took over the case. Lafoe was indicted on two counts of sexually exploiting a child, 18 U.S.C. § 2251(a), and one count of interstate travel with intent to engage in illicit sexual conduct, 18 U.S.C. § 2423(b). He pleaded guilty to all charges.

The district court sentenced Lafoe to 66 years in prison. It first determined that the Guidelines recommended a term of exactly 90 years' imprisonment. (The number was a point rather than a range because the Guidelines advised a life term, but the duration had to be lowered to 90 years to comply with the statutory maxima of 30 years per count. See U.S.S.G. § 5G1.2(d).) The court then applied the sentencing factors spelled out in 18 U.S.C. § 3553(a), opining that Lafoe's conduct was "horrific" and "sick" and a "betrayal," and that it was "going to bring a lifetime of hardship and essentially mental and emotional torture upon the victim." On the other hand, the court acknowledged, Lafoe's history was a "sad story," and his emotional age lagged behind his biological age. That gave the court some concern about a 90-year sentence, which it accurately dubbed "effectively life." It was of two minds about the need to protect the public: Lafoe might be inclined to reoffend, it thought, but it was also possible that he sought a sexual relationship exclusively with his niece. If the latter were true, then Lafoe would not pose a future risk to other children. The court also mentioned Lafoe's need for therapy, which argued for a "lengthy" sentence, and the fact that the sentence must reflect the seriousness of the offense. It commented that the statutory minimum sentence "wouldn't be right." In conclusion, the court said that Lafoe's was "one of the tougher sentencings [the court had] had in a while."

After announcing its 66-year sentence, the court asked the lawyers if either one wanted further explanation of its reasons. Defense counsel responded in the affirmative. She asked the court to explain why Lafoe had received a longer sentence than the one given to Shawn Shannon, a sex offender whom the court recently had sentenced to 60 years on more than 20 counts of the same sex offense as Lafoe. See 18 U.S.C. § 3553(a)(6). At that point, for the first time in the sentencing proceedings, the court stated that it "did, in fact, consider Mr. Shannon" when deciding on Lafoe's sentence.

And it did not stop with Shannon's case: it also revealed that it had looked at the case of Brian Davis, who also pleaded guilty and received a 30-year sentence. It described Davis's sentence as "very, very high," even though it was half the length of Shannon's. With respect to Shannon's case, the court characterized the 20 charges as "piling on," while in Lafoe's case, it emphasized the "severity of the damage" to the victim. Then it said that it was "going to make this more like Mr. Shannon, but probably a little harsher, and probably more like Mr. Davis."

After the court gave this explanation, the prosecutor added that the government could not prove sexual contact in Shannon's case, whereas it could in Lafoe's. This appears to have been mistaken: on appeal, defense counsel points out that according to Shannon's sentencing commentary, he received the enhancement under U.S.S.G. § 4B1.5(b) for being a repeat and dangerous sex offender against minors, based on two instances of sexually penetrating minors without their consent. Just before the prosecutor in Lafoe's case made that comment, defense counsel tried to pursue the discrepancy further, but the court shut her off by saying "[a]nytime [*sic*] you want to try and step in and do that juggling, come on over."

## II

On appeal, Lafoe challenges his sentence as procedurally unreasonable. He focuses on the two comparator cases that the court addressed in its remarks after announcing its sentence and the apparent confusion over the relative severity of those sentences and the underlying facts. He emphasizes the government's error in saying that Shannon's case lacked proof of sexual conduct, when in fact the court determined that Shannon was a repeat and dangerous sex offender. See U.S.S.G. § 4B1.5. Second, he argues that the court inaccurately characterized Davis's sentence as "very, very high" when in fact it was only 30 years. Whatever the court did do, it did *not* give Lafoe a sentence "more like Mr. Shannon, but probably a little harsher, *and probably more like Mr. Davis.*"

The government's first argument is that Lafoe waived this challenge on appeal by not contesting the accuracy of the court's information at sentencing. We reject this point. Under Federal Rule of Criminal Procedure 51(a), a defendant is not required to state an "exception" to a court's ruling after it has been made. See *United States v. Pennington*, 908 F.3d 234, 238 (7th Cir. 2018); *United States v. Bartlett*, 567 F.3d 901, 910 (7th Cir. 2009). Here, Lafoe asked the court to explain the discrepancy between Lafoe's and Shannon's sentences, and it did. Lafoe did not need to make an exception to that explanation in order to challenge it on appeal.

Turning to the merits, we begin with the well-known rule that a defendant has a right to be sentenced based on accurate information. See *United States v. Walton*, 907 F.3d 548, 552 (7th Cir. 2018) (citing *United States v. Tucker*, 404 U.S. 443, 448–49 (1972)). One way a defendant can establish a procedural error is to show that the relevant information was false and that the court relied on it, *id.*, but that does not exhaust the possibilities. Here, it seems that the court was just confused about the relative lengths of the sentences it had given to Davis and Shannon. Far from giving Lafoe a sentence "more like Mr. Davis['s]," it gave Lafoe a sentence even harsher than Shannon's. We are not saying that the court had an obligation to consult those two particular comparators. It acted within its discretion when it chose to do so and frankly admitted to taking their sentences into account in sentencing Lafoe. What it could not do was consult the comparators for guidance and then mix up the underlying facts.

We are troubled by the apparent inconsistency in the court's statement that Lafoe's sentence (66 years) had to be "a little harsher" than Shannon's (60 years) and "more like" Davis's (30 years). Defense counsel had no practical opportunity to object to this result. Immediately after the court made its confusing remarks about the severity of Davis's sentence, the defense protested that Lafoe would be 80 years old when he got out of prison. Rather than continuing the discussion, the court simply scolded her for trying to "step in and do that juggling" [of the various sentencing factors]. She understandably interpreted this as an indication that the court was finished with the discussion and was not entertaining further comment from her.

Lafoe also presents other arguments, but they are less compelling. He complains that the court did not adequately explain his sentence because of another inconsistency: it said that it did not want to impose an "effectively life" sentence, yet at the same time it imposed a prison term that would keep Lafoe incarcerated until he is 80 years old.[1] Perhaps, however, the court thought that it was holding out some hope of a final year or two outside the prison walls. More importantly, the court did stress that it was considering the factors in 18 U.S.C. § 3553. See *United States v. Brown*, 880 F.3d 399, 404 (7th Cir. 2018). Here, after correctly calculating the Guidelines' range, the court described the nature and circumstances of the offense ("sick" and "horrific," a "betrayal" that is "going to bring a lifetime of hardship … upon the victim") and Lafoe's history and characteristics (they "cut both ways"—he is of a young emotional

---

[1]  A male in the United States who has reached the age of 24 can expect to live another 53 years—*i.e.* until the age of 77. See Social Security, Actuarial Life Table, at https://www.ssa.gov/oact/STATS/table4c6.html (visited on Dec. 26, 2018). Counsel's comment was consistent with these data.

age but continued the illegal conduct despite warnings). The court acknowledged that it did not know if Lafoe would reoffend, but the sentence needed to be "lengthy" to allow for treatment, and the seriousness of the offense required more than the statutory minimum sentence. (We note, however, that "imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a); see also *Tapia v. United States*, 564 U.S. 319, 326–27 (2011)). Lafoe asserts that the court's uncertainty about his odds of reoffending countered its assessment that he needed therapy, but the court assessed the need for treatment and to protect the public *in light of* that uncertainty. In short, if this were Lafoe's only argument, we would be inclined to defer to the district judge.

Finally, Lafoe challenges the substantive reasonableness of his sentence. Because we are remanding for resentencing, we think it best not to address this subject. We note only that it is difficult to show as a substantive matter that a sentence below the Guidelines range is unreasonable. See *United States v. Solomon*, 892 F.3d 273, 278 (7th Cir. 2018). Substantive unreasonableness is also not automatically present because a defendant receives a longer sentence than others who appear to be comparable. *United States v. Nania*, 724 F.3d 824, 840 (7th Cir. 2013).

### III

For these reasons, we VACATE Lafoe's sentence and REMAND this case for further proceedings. Circuit Rule 36 will apply on remand.